UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **LACHONDRIA JONES;** ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | **CIVIL ACTION NUMBER:** |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| **LANIER AUTOMOTIVE, LLC,** ) | |
| **ALLY FINANCIAL, INC.,** ) | |
| **JAKE'S RECOVERY, LLC,** ) | |
| **B & V WRECKER SERVICE,** ) | |
| **INC.;** ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |

**COMPLAINT**

COMES NOW the Plaintiff, **LACHONDRIA JONES**, by and through undersigned counsel, and for her complaint against the Defendants states as follows:

**JURISDICTION AND VENUE**

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendants transacted

business here, and the Plaintiff resides in this District.

## STATEMENT OF THE PARTIES[1]

1. Plaintiff, LACHONDRIA JONES, is over the age of nineteen (19) years old and is a resident of the city of Tuscaloosa in Tuscaloosa County, Alabama.

2. Defendant LANIER AUTOMOTIVE, LLC ("Lanier") is a domestic limited liability company. Lanier is, and at all pertinent times herein, was qualified to do business in the State of Alabama and was doing business in this District.

3. Defendant ALLY FINANCIAL, INC. (hereinafter "Ally") is a foreign corporation formed under the laws of the State of Delaware. Ally is, and at all pertinent times herein, was qualified to do business in the State of Alabama and was doing business in this District.

4. Defendant JAKE'S RECOVERY, LLC ("Jake's"), is a domestic limited liability company. Jake's is, and at all pertinent times herein, was qualified to do business in the State of Alabama and was doing

---

[1] Plaintiff asserts that another entity, specifically a repossession forwarding company, was also involved in the wrongful repossession of Plaintiff's car. At this time, Plaintiff does not know the name of this entity. Plaintiff intends to amend this Complaint to add this entity along with additional claims, specifically claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. once the identity of the entity that forwarded or assigned the repossession in this matter has been ascertained.

business in this District. Jake's is, upon information and belief, in the business of automobile repossessions and is a "debt collector" as that term is defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692a(6).

5. Defendant B & V WRECKER SERVICE, INC. ("B&V"), is a domestic corporation. B&V is, and at all pertinent times herein, was qualified to do business in the State of Alabama and was doing business in this District. B&V is, upon information and belief, in the business of automobile repossessions and is a "debt collector" as that term is defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

6. On or about August 22, 2019, Plaintiff and her mother, Jacqueline Davis as co-buyer, purchased a 2016 Honda Accord bearing VIN 1HGCR2F84GA007857 (hereinafter referred to as "the Vehicle") from Defendant Lanier in Tuscaloosa, Alabama.

7. The purchase of the Vehicle was financed through a loan with a company called Credit Acceptance. Credit Acceptance is not a party to this suit.

8. Plaintiff made payments as required to Credit Acceptance and was not in default on her loan with Credit Acceptance on or about July 27, 2020.

9. On or about July 27, 2020, Plaintiff was a patron at a restaurant in Tuscaloosa, Alabama.

10. While at the restaurant, Plaintiff noticed a tow truck outside near the Vehicle.

11. Plaintiff left the restaurant and confronted the men who were towing or attempting to tow her car.

12. The men stated that they were there on behalf of Ally to repossess the Vehicle because the owner of the Vehicle, who they identified as a man living in Georgia named "William Buckley" did not make payments to Ally as required.

13. Plaintiff explained to the men that she, not William Buckley, owned the Vehicle and that she financed the Vehicle through Credit Acceptance.

14. Undeterred, and in breach of the peace, the men continued to proceed with repossessing and towing the Vehicle.

15. Plaintiff called the police but the police declined to send a unit to

assist the Plaintiff.  As a result, the Vehicle was stolen from the Plaintiff.

16. Plaintiff learned that the men who wrongfully repossessed the Vehicle were employed by Defendants Jake's and/or B&V.

17. On August 18, 2020, without explanation, Defendant Lanier returned the Vehicle to the Plaintiff.  Regardless, Plaintiff was without the Vehicle for several weeks.

18. At the time of the incidents made the basis of this lawsuit, Jake's and B&V and their employees/agents were operating as agents for Ally.

19. Jake's and B&V regularly collect or attempt to repossess or collect debts/security interests owed or due or asserted to be owed or due to another.

20. As such, Jake's and B&V and their employees or agents are debt collectors subject to the provisions of the FDCPA.

21. Defendants Ally, Jake's and B&V had no present right to take the Vehicle from the Plaintiff.

22. In this Complaint, Plaintiff pleads that either Defendants Ally, Jake's and B&V repossessed the wrong vehicle or, alternatively, the Vehicle was sold to Plaintiff by Lanier with the representation that it was not

encumbered by any lien when, in fact, it was pledged by some other third party as a security interest in exchange for financing by Ally.

### COUNT ONE
### (NEGLIGENCE)

23. Defendant Lanier was under a duty to either payoff or otherwise satisfy any prior lien on the Vehicle prior to selling it to Plaintiff or was under a duty to make sure the Vehicle was not subject to any unsatisfied lien prior to selling it to the Plaintiff.

24. Defendants Ally, Jake's and B&V were under a duty to not repossess a vehicle that they had no present right to repossess and to conduct any repossession without breaching the peace.

25. The Defendants breached their duties owed to the Plaintiff.

26. At all times pertinent, Jake's and B&V were acting as the agents of and for the benefit of Defendant Ally. Jake's and B&V's acts and omissions were undertaken in the line and scope of the principal/agent relationship that existed between Jake's and B&V and Ally. Further, repossessing a vehicle with non-judicial self-help constitutes a non-delegable duty. For these reasons, Ally is liable to the Plaintiff directly pursuant to the doctrine of *respondeat superior*.

27. As a result of Defendants' negligence, Plaintiff was caused to suffer damages including but not limited to: embarrassment, inconvenience, physical injury, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

28. Wherefore, Plaintiff seeks judgment in her favor against Defendants for compensatory damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT TWO
## WANTONNESS

29. Defendants Ally, Jake's and B&V wantonly repossessed the Vehicle in blatant disregard of the Plaintiff's rights when Defendants took the Vehicle when they had no immediate right of possession of the Vehicle.

30. Defendants Jake's and B&V further acted wantonly when, after breaching the peace in and about their attempts to repossess the Vehicle on behalf of Defendant Ally, Jake's and B&V's employees and agents continued to repossess the Vehicle when they knew or should have known that they had no immediate right to possession of

the Vehicle.

31. At all times pertinent, Jake's and B&V were acting as the agents of and for the benefit of Defendant Ally. Jake's and B&V's acts and omissions were undertaken in the line and scope of the principal/agent relationship that existed between them and Ally. Further, repossessing a vehicle with non-judicial self-help constitutes a non-delegable duty. For these reasons, Ally is liable to the Plaintiff directly pursuant to the doctrine of *respondeat superior*.

32. Lanier acted wantonly when, in complete disregard of the rights of the Plaintiff, it willfully or recklessly either sold her the Vehicle when it knew or should have known that the Vehicle was subject to a lien or, alternatively, willfully or recklessly failed to satisfy any lien on the Vehicle prior to selling it to the Plaintiff.

33. As a result of Defendants' acts and omissions detailed herein, Plaintiff was caused to suffer damages including but not limited to: property damage, inconvenience, physical injury, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

34. Wherefore, Plaintiff seeks judgment in her favor against Defendants

for compensatory and punitive damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT THREE
## FRAUD AGAINST DEFENDANT LANIER

29. Defendant Lanier's agents or employees intentionally, recklessly or mistakenly made false statements or representations to the Plaintiff that the Vehicle had a clear and unencumbered title when Lanier sold the Vehicle to the Plaintiff.

30. Said statements or representations by Lanier were false and Lanier knew or should have known the statements or representations were false when made.

31. When said statements or representations were made Plaintiff did not know that they were false.

32. Lanier intended for Plaintiff to rely on said statements or representations in and about its efforts to sell her the Vehicle.

33. Plaintiff reasonably relied on said statements or representations.

34. Plaintiff was harmed by said statements or representations.

35. In addition, Plaintiff alleges that Defendant Lanier intentionally

concealed or withheld the fact that there was a lien on the Vehicle at the time it was sold to the Plaintiff and that the Vehicle's title was not clear when it was sold to the Plaintiff.

36. Wherefore, Plaintiff seeks judgment in her favor against Defendants for compensatory and punitive damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT FOUR
## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT AGAINST DEFENDANTS JAKE'S AND B&V

37. Defendants Jake's and B&V are debt collectors as that term is defined by the Fair Debt Collection Practices Act at 15 U.S.C. §1692(a)(6).

38. The foregoing acts and omissions of Defendants Jake's and B&V and its employees and agents constitute a violation of the FDCPA, 15 U.S.C. § 1692f(6), with respect to the Plaintiff.

39. 15 U.S.C. § 1692f(6) prohibits taking any non-judicial action to effect dispossession of property if there is no present right to possession of the property.

40. Plaintiff asserts that at no time did Jake's or B&V have any present right to possession of the Vehicle. As such, Jake's and B&V's

repossession or theft of the Vehicle violated the FDCPA with respect to the Plaintiff.

41. Alternatively, even in the event that there was a present right to possession of the Vehicle, Plaintiff alleges that once Jake's and/or B&V's employees or agents breached the peace, they lost any right to use non-judicial self-help to repossess the vehicle and violated the FDCPA.

42. As a direct and proximate result of the wrongful conduct visited upon her by Jake's and/or B&V in their repossession or collection efforts, Plaintiff was caused to suffer damages including but not limited to: inconvenience, physical injury, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

43. As a result of Defendant Jake's and/or B&V's violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants Jake's and B&V.

## COUNT FIVE
## BREACH OF CONTRACT

44. Plaintiff entered into a contract for the purchase of the Vehicle with Defendant Lanier with the understanding that the Vehicle did not have any liens attached to it and that Lanier would sell the Vehicle with a clear title to the Plaintiff.

45. Plaintiff has performed her part of the contract.

46. Defendant Lanier breached the contract by selling the Vehicle to the Plaintiff when the Vehicle did not have a clear title.

47. Plaintiff has suffered harm as a result of Defendant Lanier's breach of the contract.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of the Defendants, jointly and severally, in statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief allowable by law and as this court deems proper and/or necessary.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFFS' ADDRESS:**
Lachondria Jones
140 25th Ave. East
Tuscaloosa, AL 35404

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

| | |
|---|---|
| **Lanier Automotive, LLC** | **Jake's Recovery, LLC** |
| c/o Registered Agent | c/o Registered Agent |
| George A. Lake | Richard J. Black |
| 308 Skyland Blvd. East | 54 Crestview Heights Circle |
| Tuscaloosa, AL 35405 | Cordova, AL 35550 |
| | |
| **Ally Financial, Inc.** | **B &V Wrecker Service, Inc.** |
| c/o Registered Agent | c/o Registered Agent |
| C T Corporation System | Virginia Spencer |
| 2 North Jackson Street, Suite 605 | Route 1, Box 72B |
| Montgomery, AL 36104 | Knoxville, AL 35469 |